**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN TURMAN,<br>Plaintiff,<br>v.<br>AARON'S, INC.,<br>Defendant. | CIVIL COMPLAINT<br>CASE NO. 1:21-cv-04050<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** John Turman ("Plaintiff"), by and through his undersigned attorneys, complaining of the Defendant, Aaron's, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1, Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a lease to ownership of furniture, consumer electronics and home appliances throughout 47 states including the state of Illinois.

7. Defendant maintains its principal place of business at 400 Galleria Parkway SE, Suite 300, Atlanta, Georgia 30339.

8. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. Prior to the events giving rise, Plaintiff's son financed some furniture from Defendant and used Plaintiff and his wife as references for the purchase.

10. In May 2021, Plaintiff began receiving collection calls from Defendant in regards to Plaintiff's son failing to make a payment ("subject debt").

11. Plaintiff explained to Defendant that his son no longer lives at their home and that their calls were unwelcomed as his son listed him only as a reference.

12. Sometime in June 2021, Plaintiff received *another* call from Defendant in an attempt to collect on the subject debt. Plaintiff told Defendant that he no longer wanted to receive calls and that his son is not living at his address.

13. Notwithstanding Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff's telephone.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the telephone number (708) 730-9500.

15. Upon receiving the first few calls in May 2021, Plaintiff told Defendant to stop calling him.

16. In June 2021, Defendant contacted Plaintiff numerous times to collect on the subject debt, including multiple times per day and on back-to-back days.

17. Additionally, Defendant came to Plaintiff's residence on 3 or more occasions in an attempt to look for their son and collect on the subject debt from Plaintiff personally. Plaintiff reemphasized each encounter that his son does not live there and Defendant is not allowed to trespass on his property.

18. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

20. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

21. Upon information and belief, Defendant placed its calls to Plaintiff's telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

22. In total, Defendant placed numerous unwanted and unconsented phone calls to Plaintiff's phone number.

23. Defendant placed or caused to be placed unrelenting harassing phone calls to Plaintiff's telephone between May 2021 and the present day.

## DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his telephone, and his telephone as a result of increased usage of his telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

31. Upon information and belief, based on the noticeable pause, Defendant used an ATDS to place calls to Plaintiff's telephone.

32. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

33. There would be no reason for Defendant to continue to contact Plaintiff, especially after Defendant knew that he was just a reference and after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

34. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's telephone between May 2021 and the present day, using an ATDS without his consent.

35. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his telephone.

37. Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their telephones.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff JOHN TURMAN respectfully requests this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff restates and reallages paragraphs 1 through 38 as through fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

43. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

44. Defendant is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

45. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff personally.

**a. Unfairness and Deception**

46. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff through relentless harassing phone calls to his telephone, attempting to induce him into making an immediate payment, even when the subject debt isn't owed by him.

47. It was unfair and deceptive for Defendant to continue placing unwanted phone calls after Plaintiff demanded on multiple occasion that it cease calling his telephone number.

48. It was unfair and deceptive for Defendant to physically enter Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

49. Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls and residential visits, resulting in a significant harm in the form of invasion of privacy and nuisance.

50. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts to increase its profitability at the consumers' expense.

51. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

52. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

53. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff JOHN TURMAN, requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff him actual damages in an amount to be determined at trial;
c. Award Plaintiff him punitive damages in an amount to be determined at trial;
d. Award Plaintiff him reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

## COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

56. Defendant's persistent and unwanted autodialed phone calls to his telephone eliminated Plaintiff's right to be left alone.

57. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

58. It was an invasion of Plaintiff's privacy for Defendant to physically enter Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

59. All of the calls made to Plaintiff's phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

60. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

61. Defendant's unsolicited phone harassment campaign and residential property visits severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow

and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

62. These persistent collection calls and residential property visits eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home.

63. By continuing to call Plaintiff and its multiple residential property visits attempting to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls and visits.

64. As detailed above, by persistently autodialing Plaintiff's telephone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

65. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's telephone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

66. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff JOHN TURMAN, respectfully requests that this Arbitrator enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages;
c. Award Plaintiff punitive damages;
d. Award Plaintiff his reasonable attorney's fees & costs; and
e. Enjoining Defendants from contacting Plaintiff.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Plaintiff restates and realleges paragraphs 1 through 66 as though fully set forth herein.

68. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

69. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's telephone.

70. Defendant intentionally engaged in extreme and outrageous conduct by entering Plaintiff's property to intentionally attempt to embarrass Plaintiff into making a payment on the subject debt despite never owing it.

71. Defendant knew that its relentless phone calls, threats, and unsolicited visits to Plaintiff's property would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

72. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

73. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

74. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

75. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

76. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

77. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

78. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

79. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff JOHN TURMAN respectfully requests that this Arbitrator enter judgment in his favor as follows:

a. Enter judgment in his favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at evidentiary hearing;
c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;
d. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 29, 2021

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
mdaher@sulaimanlaw.com