IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN TURMAN, ) | |
| ) | Case No. 1:21-cv-04050 |
| Plaintiff, ) | |
| ) | Judge Hon. Edmond E. Chang |
| v. ) | |
| ) | Mag. Judge Hon. Young B. Kim |
| AARON'S, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Aaron's, Inc. ("Defendant"), by and through its attorneys, hereby moves to dismiss with prejudice Plaintiff John Turman's ("Plaintiff") Complaint to the extent it alleges violations of the Telephone Consumer Protection Act's ("TCPA") prohibition on the use of automatic telephone dialing systems ("ATDS"). Moreover, because Plaintiff has failed to state a TCPA claim, the Court has no basis for original jurisdiction and should decline to exercise its supplemental jurisdiction over Plaintiff's pendent state law claims. In support of its motion, Defendant states as follows:

1. Plaintiff filed this action alleging that he received calls that were placed with an ATDS in violation of the TCPA. Plaintiff's TCPA claim fails for the following reasons.

2. First, Plaintiff failed to plausibly allege that he received the calls on a cellular phone. This deficiency is fatal to Plaintiff's claim because the ATDS prohibition only applies to calls made to cellular phones and certain hospital lines. *See* 47 U.S.C. 227(b)(1)(A).

3. Second, to state a TCPA claim based upon the alleged use of an ATDS, Plaintiff must plead facts that plausibly suggest he received a call from a device that stored or produced

his telephone number using a random or sequential number generator. 47 U.S.C. § 227(a)(1) But instead of pleading that his telephone number was produced or stored randomly or sequentially, Plaintiff alleges that his number was provided to Defendant, added to a stored list, and then dialed from that stored list.

4. Further, setting aside his admission that he was called from a stored list, the allegations of the complaint demonstrate that Plaintiff was not an unintentional recipient of random or sequentially-dialed calls – to the contrary, the complaint reveals that Plaintiff was the intended recipient of the calls in question. Accordingly, Plaintiff has failed to state an ATDS-based TCPA claim.

5. Finally, without Plaintiff's TCPA claim, the Court has no basis for original subject matter jurisdiction over this action. Therefore, the Court should follow well-established Seventh Circuit precedent that directs courts to decline to exercise supplemental jurisdiction over pendent state law claims following the dismissal of all claims that provided the basis for original jurisdiction. *Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015).

WHEREFORE, for the foregoing reasons and the reasons set forth in the accompanying memorandum in support, Defendant respectfully requests that the Court dismiss Plaintiff's TCPA claim with prejudice and decline to exercise jurisdiction over his pendent state law claims.

Date: August 31, 2021  Respectfully Submitted,

*s/ Seth H. Corthell*
Martin W. Jaszczuk
Seth H. Corthell
JASZCZUK P.C.
30 S. Wacker Dr., Suite 2200
Chicago, Illinois 60606
Telephone: 312-442-0509
mjaszczuk@jaszczuk.com
scorthell@jaszczuk.com

*Attorneys for Aaron's, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 31st day of August 2021.

                                               *s/ Seth H. Corthell*